UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER S. YOUST,       : | |
|     Plaintiff,       : | |
|             : | |
| v.       : | No. 2:20-cv-3287 |
|             : | |
| LANCASTER CITY BUREAU       : | |
| POLICE DEPARTMENT, *et al.*,       : | |
|     Defendants.       : | |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                             **November 9, 2020**
**United States District Judge**

      This matter comes before the Court by way of a Complaint submitted by Christopher S. Youst, proceeding *pro se*. *See* Compl., ECF No. 2. Also before the Court are Youst's Application to Proceed *In Forma Pauperis,* ECF No. 1, his Motion to Appoint Counsel, ECF No. 4, and his "Notice" to the Court filed on September 17, 2020, ECF No. 6. Because it appears that Youst is unable to afford to pay the filing fee, the Court grants him leave to proceed *in forma pauperis*. For the following reasons, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Youst is granted leave to file an amended complaint. Accordingly, his Motion to Appoint Counsel and "Notice" dated September 17, 2020 are also denied.

**I.     FACTUAL ALLEGATIONS**[1]

      Youst, a prisoner currently incarcerated at Lancaster County Prison ("LCP"), brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights seeking to assert claims for excessive force and false arrest. *See* Compl. In the Complaint, Youst names

---
[1]     The facts set forth are taken from the Complaint Youst submitted to the Court. *See* Compl.

the following Defendants: (1) Lancaster City Bureau of Police[2] ("LCBP"); (2) Lieutenant James Smith of the LCBP; (3) Sergeant Roberto Lopez of the LCBP; (4) Officer Ryan Yoder of the LCBP; (5) Officer Eric Lukacs of the LCBP; and (6) the Honorable Jodie E. Richardson, Magisterial District Judge[3] for Lancaster City. *See id.* at ¶¶ 3-8. Youst brings his claims against these Defendants in both their individual and official capacities. *See id.* at ¶ 9.

Youst alleges that on or about April 26, 2018, he was "involved in a very serious automobile accident in which the automobile [he] was traveling in became inverted upside down and [the] airbags deployed."[4] *See id.* at ¶ 15. Youst contends that following this accident,

---

[2] It appears that Youst misidentified this Defendant in his Complaint as the "Lancaster City Bureau of Police Department[.]" *See* Compl. at ¶ 3.

[3] It appears that Youst misidentified this Defendant as a Magisterial District Justice. *See id.* at ¶ 8.

[4] Youst ultimately entered a plea of *nolo contender* to a number of criminal charges brought against him arising from the April 26, 2018 accident including, one count of "accidents involving death or personal injury while not properly licensed; four counts of accidents involving damage to attended vehicle or property; driving upon sidewalk; four counts of accidents involving damage to unattended vehicle or property; driving while operating privilege is suspended or revoked; resisting arrest; and cruelty to animal[s]." *Commonwealth v. Youst*, App. No. 1774 MDA 2019, 2020 WL 6268282, at *1 (Pa. Super. Ct. Oct. 26, 2020). When Youst appealed his judgment of sentence, the Superior Court of Pennsylvania described the "facts giving rise to Youst's plea" as follows:

> [O]n or about April 26th of 2018, [Youst] was in operation of a silver Chrysler Sebring when he struck an occupied vehicle causing the victim, Marcia Zamboni, bodily injury and required EMTs and required Ms. Zamboni to be transported to the hospital for treatment.
>
> Additionally, [Youst] did strike three occupied vehicles driven by Glen Hagy, Deborah Guy and Todd Rhoades, as well as an occupied building that being the TW Ponessa counseling services building, which was also occupied at the time.
>
> [Youst] then did exit the vehicle and didn't remain with his vehicle, walked across the street and attempted to blend in with a crowd of onlookers and did not provide his information to the victim or render aid to the victim.
>
> Additionally, Your Honor [Youst] did drive on the sidewalk prior to striking the TW Ponessa Building and caused damage two unattended vehicles, first belonging

between 1:00 and 2:00 pm on April 26, 2018, Youst "was assaulted by [Defendants] LT. James Smith and SGT. Roberto Lopez[.]" *See id.* Youst claims that he was "tackled by Smith and Lopez[,]" and that these Officers "twisted [him] up," pulled his hair, bent his fingers, "smashed [his head] to the ground," put their knees on his back, and pulled their guns on him. *See id.* at ¶ 16. Youst also alleges that during this "whole incident[,]" "[n]umerous officers" were yelling, screaming, and threatening Youst, "to the point that [he] became fearful of [his] life being taken." *See id.*

As set forth in the Complaint, it appears that the alleged assault occurred during the course of Youst's arrest and that medical personnel were "told to step away" such that Youst contends that Defendants neglected to provide him with medical attention at that time. *See id.* at ¶ 17. However, Youst alleges that he was subsequently taken to Lancaster General Hospital where he "was approached by [Defendant] Officer Ryan Yoder[,]" who "became highly aggressive" after Youst indicated that he would not speak to Yoder without an attorney. *See id.*

---

> to Hertz Rental Company leased by Christian Calero, and the second vehicle being owned by Valerie Subatin. [Youst] also struck light poles owned by PPL, as well as two parking meters owned by the City of Lancaster.
>
> [Youst] did resist arrest when police officers eventually met up with [Youst], requiring Sergeant Lopez, Lieutenant Smith, Detective Smith, Detective McCready and Sergeant Mummau to create a substantial risk of bodily injury and required those public servants to employ means justifying substantial force to overcome [Youst's] resistance. That was in the course of effectuating a lawful arrest.
>
> Additionally, [Youst's] driving privileges were suspended or revoked at the time.
>
> And finally, [Youst] did have a gray and white pit bull puppy located in his vehicle when he flipped his vehicle, causing the dog to be treated for possible injuries. This placed the dog in imminent risk of serious bodily injury.

*Id.* (alterations in original).

at ¶ 20. Youst claims that Officer Yoder "wouldn't leave [him] alone which forced [him] . . . to leave the hospital without being treated for [his] injuries" because he felt he had no other choice to avoid Officer Yoder.[5] *See id.* Youst alleges he subsequently went to the LCBP "[n]umerous times following the accident . . . to make a complaint" about being harassed and assaulted, but he was "unsuccessful" and was "told" he would be arrested if he continued trying to lodge a complaint. *See id.* at ¶ 21.

Youst alleges that several weeks after the accident, on approximately May 16, 2018, he was "assaulted again[,]" this time by Defendant Officer Lukacs and two of his colleagues and then placed under arrest on charges of disorderly conduct but was later released.[6] *See id.* at ¶ 22. The following day, May 17, 2018, Youst alleges that "charges stemming from the automobile accident were filed and a letter of condemnation was posted on [his] residence by the" LCBP. *See id.* at ¶ 24. Just one day later, on May 18, 2018, Youst asserts that he was "arrested for disobeying a summons in relation to the April 26, 2018 automobile accident and was incarcerated until November 20, 2018."[7] *See id.* at ¶ 25. With respect to his May 18, 2018 arrest, Youst contends that he was arraigned by Defendant Magisterial District Justice Jodie Richardson who set his bail at $300,000 on a total of 13 charges brought against him. *See id.* at

---

[5] Youst does not provide any additional details regarding Officer Yoder's specific conduct or otherwise describe the "aggressive" nature of Yoder's actions at the hospital.

[6] Youst claims that he was subsequently released and posted a video of this May 16, 2018 assault on YouTube. *See* Compl. at ¶ 23.

[7] In a single paragraph, Youst describes that after he was arraigned, he was imprisoned for six months, placed in the restricted housing unit, assaulted by another inmate, and witnessed the death of another inmate who committed suicide. *See* Compl. at ¶ 27. Despite Youst's generalized description of events that occurred during his incarceration at Lancaster County Prison, the Court does not read the Complaint to allege constitutional claims regarding the conditions of his confinement, given that the Complaint itself focuses primarily on the traffic accident and the subsequent assaults and arrests that ultimately led to Youst's confinement. Moreover, Youst has not named any prison officials as Defendants, and it appears these details were provided as background information related to what happened after he was arrested.

¶ 26. Youst believes that all of these subsequent events, including his arrests, "were a result of [his] complaints" regarding the initial April 26, 2018 assault, and that he was "the target of retaliation and harassment." *See id.* at ¶ 31. Based on all of these allegations, Youst "is requesting $5 million dollars as compensatory damages" as well as a protection order against the LCBP and each Defendant to prevent "further abuse from occurring." *See id.* at ¶¶ 33-35.

## II.     STANDARD OF REVIEW

The Court will grant Youst leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[8] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether the Complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."). As Youst is proceeding *pro se*, the Court

---

[8] However, because Youst is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

construes the allegations set forth in the Complaint liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In the Complaint, Youst seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a "defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A. Claims Against the LCBP

Youst names the Lancaster City Bureau of Police as a Defendant in this action. Youst's claims against this police department fail and are dismissed with prejudice. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *See id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a

sub-division of its municipality); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988))); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, the LCBP is not a proper Defendant in this case under Section 1983, and all claims against the LCBP are dismissed with prejudice.

### B. Claims Against Magisterial District Judge Jodie Richardson

The only allegations against Judge Richardson appear to be related to her role in presiding over Youst's arraignment for criminal charges stemming from the April 26, 2018 traffic accident and her decision to set bail in the amount of $300,000. *See* Compl. ¶ 26. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Additionally, both judges of general and limited jurisdiction, including magisterial district judges, are entitled to judicial immunity. *See id.* at 441 (concluding that magisterial district judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity); *see also Evans v. Lorah*, Civ. A. No. 20-22, 2020 WL 2813317, at *3 (W.D. Pa. May 11, 2020),

*report and recommendation adopted*, 2020 WL 2793088 (W.D. Pa. May 29, 2020) (dismissing *pro se* litigant's Section 1983 claims against a former magisterial district judge on screening pursuant to Section 1915(e)(2)(B) on the basis of judicial immunity).

Here, the only allegations Youst makes against Magisterial District Judge Richardson are complaints arising from judicial determinations she made and an order she entered in the course of his criminal arraignment and setting his bail, and Youst has not set forth any facts suggesting that she acted in an absence of jurisdiction. Accordingly, Magisterial District Judge Richardson is entitled to absolute immunity in these circumstances.[9] *See id.*; *see also Blackwell v. Middletown Borough Police Dep't*, Civ. A. No. 12-825, 2012 WL 4033671, at *3-4 (M.D. Pa. May 30, 2012), *report and recommendation adopted*, 2012 WL 4025956 (M.D. Pa. Sept. 12, 2012) (dismissing *pro se* plaintiff's claims against a magisterial district judge for failure to state a claim at screening because "judicial immunity . . . expressly extends to Pennsylvania magisterial district court judges" (citing *Figueroa*, 208 F.3d at 441)) . Therefore, Youst's claims against Magisterial District Judge Richardson are dismissed with prejudice. Because such claims are barred by judicial immunity, any attempt to amend would be futile.

---

[9] Youst's Complaint also asserts claims against Magisterial District Justice Richardson in her official capacity. *See* Compl. ¶ 9. Claims brought against Richardson in her official capacity are really claims brought against the Commonwealth of Pennsylvania because, as a magisterial district judge within Pennsylvania's Unified Judicial System, Richardson is considered an official of the Commonwealth. As such, she is entitled to share in the Commonwealth's Eleventh Amendment Immunity. *See Green v. Domestic Relations Section Court of Common Pleas Compliance Unit Montgomery Cty.*, 649 F. App'x 178, 180 (3d Cir. 2016) ("All courts in the unified judicial system are part of the Commonwealth and are entitled to Eleventh Amendment immunity." (citing *Haybarger v. Lawrence County Adult Probation & Parole*, 551 F.3d 193, 198 (3d Cir. 2008)); *see also* 42 Pa. Cons. Stat. § 301 ("The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of . . . (9) Magisterial district judges. All courts and magisterial district judges and their jurisdiction shall be in this unified judicial system.")

### C. Official Capacity Claims Against the Officers

Youst seeks to bring § 1983 claims against Defendants Smith, Lopez, Yoder, and Lukacs in their official capacities. *See* Compl. ¶ 9. Claims against city officials named in their official capacity are indistinguishable from claims against the city. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). In other words, Youst's official capacity claims against the Officers are effectively claims against the municipality. *See id.* at 166 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in

the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *See id.* (internal quotations and alterations omitted).

Alternatively, a plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Here, Youst has failed to plead sufficient facts to state a plausible *Monell* claim. Youst does not specify the exact custom or policy that he alleges resulted in a violation of his constitutional rights, s*ee McTernan*, 564 F.3d at 658, nor does Youst allege adequate facts to demonstrate that the City failed to supervise, train, or discipline these Officers in a manner that amounts to deliberate indifference, *see Forrest*, 2019 WL 2998601, at *8. Accordingly, Youst's claims against Defendants Smith, Lopez, Yoder, and Lukacs in their official capacities are dismissed without prejudice.

> D. **Claims Against Officers in their Individual Capacities**
>> 1. **Excessive Force Claims Against Smith and Lopez**

Youst's Complaint seeks to bring claims against Lieutenant Smith and Sergeant Lopez for excessive force in violation of the Fourth Amendment. The Fourth Amendment prohibits a law enforcement officer from using "excessive force in the course of making an arrest, investigatory stop, or other 'seizure.'" *Graham v. Connor*, 490 U.S. 386, 388 (1989). "'Seizure' alone is not enough for § 1983 liability; the seizure"—including the force used to effect the

seizure—"must be 'unreasonable.'" *Brower v. Inyo County*, 489 U.S. 593, 599 (1989). To determine whether an officer's use of force was unreasonable, "a court must consider[ ] all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force." *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). This includes an examination of "'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (citations omitted).

    Here, Youst alleges that on the date of the April 26, 2018 automobile accident, Lieutenant Smith and Sergeant Lopez assaulted Youst. *See* Compl. ¶ 15. However, Youst's excessive force claims against Smith and Lopez are time-barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Here, Youst's claim accrued on April 26, 2018, the date that Smith and Lopez allegedly used excessive force against him. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. County of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (per curiam) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions.").

Accordingly, Youst would have been obligated to file this civil action within two years of the alleged assault, by April 26, 2020. However, April 26, 2020 fell on a Sunday. Pursuant to 1 Pa. Cons. Stat. § 1908,[10] Sunday, April 26, 2020 must be omitted as an end date for statute of limitations purposes, making Monday, April 27, 2020 the last day on which Youst could timely file this action. Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Youst's Complaint is signed and dated April 28, 2020. *See* Compl. 11. Also attached to the Complaint is an Affidavit signed by Youst that was notarized by Erin L. Chambers, a Notary Public in Lancaster County. *See id.* at 12. Ms. Chambers affixed her notary seal to the Affidavit, signed it, and dated it April 28, 2020. *See id*. Youst's Application for Leave to Proceed *In Forma Pauperis* is also signed and dated by Youst on April 28, 2020. *See* ECF No. 1 at 2. Accordingly, April 28, 2020 is the earliest date Youst could have handed his Complaint to prison authorities for mailing. As Youst filed his Complaint one day after the date the statute of limitations expired on his excessive force claims, these claims are untimely. The Court dismisses these claims without prejudice, and it grants Youst leave to file an amended complaint should he be able to state a timely basis for his claims.

### 2. Claims Against Officer Lukacs

Separate and apart from the alleged April 26, 2018 assault, Youst also appears to raise an excessive force claim against Officer Lukacs. Youst claims that he "was assaulted . . . by Officer Eric Lukacs and two of his colleagues" on May 16, 2018, though he does not provide additional

---

[10] "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." *See* 1 Pa. Cons. Stat. § 1908.

details regarding the circumstances of the alleged assault or the nature of the force used against him during that arrest. *See* Compl. ¶ 22. Even under a liberal reading of the Complaint, Youst has failed to state a plausible excessive force claim against Officer Lukacs (or his two unnamed colleagues). The Complaint alleges only a conclusory assertion that Officer Lukacs "assaulted" Youst during the course of his May 16, 2018 arrest. *See id*. Without additional detail, Youst has simply failed to state a plausible excessive force claim against Lukacs at this time. This claim is dismissed without prejudice, and Youst is granted leave to file an amended complaint should he be able to allege additional details that set forth a plausible excessive force claim against Officer Lukacs or any other Officers allegedly involved in the May 16, 2018 assault.

Additionally, Youst's Complaint could be read as attempting to raise a Fourth Amendment challenge that he was falsely arrested on disorderly conduct charges by Officer Lukacs on May 16, 2018 in violation of his constitutional rights. *See id.* ¶¶ 22-23, 28. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. However, Youst's Complaint fails to allege sufficient facts that would plausibly establish he was arrested without probable cause.[11] While Youst clearly asserts that he was arrested and charged for disorderly conduct, Youst does not provide any additional facts or circumstances regarding what led to his arrest. In the complete absence of such allegations, Youst has not stated a

---

[11] The Court makes no determination regarding the existence of probable cause at the time of Youst's arrest.

plausible claim that his May 16, 2018 arrest was improper. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant . . . lacked probable cause to believe he had committed the offense for which he was arrested"). Thus, this claim is dismissed without prejudice, and Youst is granted leave to file an amended complaint in the event he is able to set forth factual allegations indicating that Officer Lukacs lacked probable cause to arrest him on May 16, 2018.[12]

### 3. Claims Against Yoder

Youst also named Officer Ryan Yoder as a Defendant in this case, but the precise nature of the claims Youst seeks to bring against Yoder are unclear. Youst alleges only that Yoder approached Youst while he was Lancaster General Hospital for medical treatment and "became highly aggressive" after Youst indicated that he would not speak to Yoder without an attorney present. *See* Compl. ¶ 20. Youst further claims that Officer Yoder "wouldn't leave [him] alone which forced [Youst] . . . to leave the hospital without being treated for [his] injuries" because he felt he had no other choice to avoid Officer Yoder. *See id.* Additionally, Youst claims that on June 26, 2019, Officer Yoder issued two traffic citations to Youst which were later dismissed, and that Yoder issued another two traffic citations on July 3, 2019 and arrested Youst on a bench warrant. *See id.* at ¶ 29. To the extent Youst seeks to bring claims against Yoder for either excessive force or false arrest, as currently plead, the Complaint fails to state a plausible claim against Yoder for either claim. As set forth above, the law on these claims is well-established. Much like the claims against Officers Lukacs, the Complaint simply does not set forth sufficient

---

[12] Youst was charged with two disorderly conducts charges related to his May 16, 2018 arrest and is currently awaiting trial on these charges. *See Commonwealth v. Youst*, CP-36-CR-0004162-2018 (Lancaster Cty. Ct. of Common Pleas).

factual allegations to allege a plausible claim for either cause of action against Officer Yoder. Accordingly, these claims are dismissed without prejudice, and Youst is granted leave to file an amended complaint if he is able to cure these factual deficiencies.

### 4. Generalized Allegations of Retaliation and Harassment

Youst vaguely alleges that "all facts" alleged in this case resulted from his "complaints made about the assault that took place on April 26, 2018." *See* Compl. ¶ 31. It is possible, but unclear, that Youst is attempting to state a retaliatory arrest or retaliatory prosecution claim. However, given the numerous arrests, charges, and parties involved here, this claim is not plausibly pled without additional factual allegations that would support a retaliatory motive for each arrest, prosecution, or other conduct. It is insufficient to simply allege in a conclusory fashion that all acts taken by the Defendants were retaliatory. Furthermore, to state a retaliatory arrest or prosecution claim, a plaintiff generally must allege facts establishing the absence of probable cause for each arrest and prosecution, which Youst has failed to do here. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1727, 204 L. Ed. 2d 1 (2019); *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006). Moreover, Section 1983 does not provide a cause of action to recover money damages for an allegedly unconstitutional conviction or imprisonment where recovery would necessarily imply the invalidity of an outstanding criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, if Youst intended to raise constitutional challenges that would undermine his intact convictions, those claims are not cognizable. Accordingly, these claims are dismissed without prejudice, and Youst is granted leave to file an amended complaint if he is able to supply sufficient allegations to support these claims.

15
110920

## IV. CONCLUSION

For the foregoing reasons, the Court grants Youst leave to proceed *in forma pauperis* and dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Youst's claims against the LCBP and Magisterial District Judge Richardson are dismissed with prejudice. Youst's remaining claims are dismissed without prejudice to his right to file an amended complaint within thirty (30) days in the event he can allege facts to cure the defects of any of the dismissed claims as discussed above. Youst's Motion to Appoint Counsel as well as his "Notice" to the Court filed on September 17, 2020, which the Court construes as a request for counsel, are denied without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

A separate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**