UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

CHRISTOPHER S. YOUST,                        :
               Plaintiff,                    :
                                              :
        v.                                :    No. 5:20-cv-3287
                                              :
OFFICER ERIC LUKACS and OFFICER              :
MICHAEL DEITZ,                               :
               Defendants.                   :
_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                   **February 22, 2022**
**United States District Judge**

**I.      INTRODUCTION**

On November 8, 2020, Plaintiff Christopher Youst initiated this § 1983 action against several named Defendants. On January 21, 2021, Youst notified this Court of a change of address. Thereafter, documents were sent from and received to the address that Youst provided to this Court.

On or about November 30, 2021, an Order mailed to Youst at the provided address was returned to sender, indicating that the carrier was unable to forward the mail. Defendants sent discovery requests to Youst, which were also returned undeliverable. Recognizing that neither this Court's Orders nor discovery material were reaching Youst, this Court scheduled a status conference to be held on January 5, 2021. Youst did not appear for the status conference, nor has he provided an updated address for the transmission of Court documents. In addition, on January 10, 2022, this Court Ordered Youst to notify the Court of his current address. As of the

date of this Opinion, Youst has failed to respond to that Order or otherwise indicate his intent to participate in this litigation.[1]

Defendants have not received any responses to their discovery requests, and there is a pending motion to compel responses to those requests. After balancing of the *Poulis*[2] factors set forth below, Youst's Complaint is dismissed for failure to prosecute.

## II. LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. See *Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

## III. ANALYSIS

The first *Poulis* factor weighs in favor of dismissal because, as a pro se litigant, Youst is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

---

[1] In addition, this Court performed a Pennsylvania VINELink inmate search on Christopher Youst to determine whether incarceration may explain his failure to provide an updated address. However, Pennsylvania VINELink indicates that Youst is "out of custody."

[2] See *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

The second factor weighs in favor of dismissal because Youst's failure to provide a valid address for correspondence in this matter frustrates and delays the resolution of this case. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction"). Defendants mailed discovery requests to Youst on or about November 2, 2021. Those requests, as well as a reminder letter, were returned to Defendants as undeliverable. Because of Youst's failure to provide a valid address for correspondence, the discovery process has stalled, and resolution of this case is indefinitely delayed. *See* E.D. PA. LOC. R. 5.1(b) (requiring pro se parties to "notify the Clerk within fourteen (14) days of any change of address"); *Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (determining that *Poulis* prejudice "also includes deprivation of information through non-cooperation with discovery").

As to the third factor, Youst has engaged in a history of dilatoriness. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). Since November of 2021, Youst has failed to respond to Defendants discovery requests, he has failed to appear for a status conference in this case, and he has failed to provide a valid address for Court correspondence. *See* E.D. PA. LOC. R. 5.1(b). In addition, on January 10, 2022, this Court Ordered Youst to notify this Court of his current address within twenty-one days, warning him that failure to do so could result in dismissal of his case without further notice. As of the date of

this Opinion, Youst has failed to respond to that Order or otherwise indicate his intent to participate in this litigation.

Regarding the fourth factor, because this Court has no explanation for Youst's dilatoriness, it is unable to determine whether the conduct is in bad faith. This factor is therefore neutral.

Fifth, monetary sanctions are not an appropriate alternative to dismissal because Youst is proceeding *in forma pauperis*. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

The final factor, the merit of the claims at issue, weighs neutrally. Youst primarily alleges claims under the Fourth and Fourteenth Amendments against the remaining Defendants. In their Answer, the Defendants deny liability. While discovery has begun on these claims, it has been entirely hindered by Youst's failure to provide a valid address for correspondence. Accordingly, there is no way of adjudicating the merits of these claims at this time. Therefore, this factor is weighed neutrally.

## IV.   CONCLUSION

After weighing all the *Poulis* factors, this Court dismisses Youst's Complaint for failure to prosecute. This matter is now closed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge